# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1521 | **DATE** | 4/2/2013 |
| **CASE TITLE** | Wells Fargo Bank, NA vs. Kent | | |

## DOCKET ENTRY TEXT

Plaintiff's motion for summary judgment [24] is granted. Plaintiff's motion to appoint The Judicial Sales Corporation as special commissioner [27] is also granted.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Wells Fargo Bank, N.A. moves for summary judgment on its amended complaint to foreclose mortgage, against Defendants John Kent, Lee Earl Kent, Mary Lee Green, Susie Ann Bailey, Gloria Jean Pruitt, Mattie Anderson, and Marquette Bank (collectively "Defendants"), relating to property located at 6846 S. Cornell, Chicago, Illinois 60649.

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). The court must consider the record as a whole in the light most favorable to the non-moving party and draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The individual defendants answered the complaint on July 16, 2012. Plaintiff filed its motion for summary judgment and Rule 56.1 statement of material facts on February 7, 2013. Defendants did not file a response to the motion. Plaintiff has pointed to evidence in the record to support the facts asserted in its Rule 56.1 statement. That evidence consists of an Affidavit of Debt completed by a contract manager for the loan servicer, copies of the Note and Mortgage, an Assignment of the Mortgage, and an Affidavit of Attorney Fees. As Defendants have failed to file a response, the facts asserted by Plaintiff and supported by the evidence are deemed admitted pursuant to Local Rule 56.1. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012).

The following facts are undisputed for purposes of this motion. On or about January 6, 2001, Delta Funding Corporation lent Daisy Kent the sum of $74,500.00. In exchange, Ms. Kent executed a Note in favor of Delta. Plaintiff has possession of and owns the Note. Ms. Kent agreed to pay interest at a yearly rate of 13.44%, and to make monthly payments on the first day of every month. Ms. Kent also agreed to pay taxes, insurance and any applicable escrow items.

# STATEMENT

Delta secured its interests in the Note by recording a Mortgage with the Cook County Recorder of Deeds on January 10, 2001. The Mortgage states:

> This Security Instrument secures to Lender those rights that are stated in this Security Instrument, and all rights that the law gives to lenders who hold mortgage on real property.
>
> . . .
>
> If [default] occurs, the Lender may require that I pay immediately the entire amount then remaining unpaid under the Note and under this Security Instrument. Lender may do this without making any further demand for payment. This requirement will be called "Immediate Payment in Full." If I am in default for any reason, you have the right to demand payment of the entire amount I owe you. If Lender requires payment in full or in the event of a foreclosure action, I agree to pay reasonable and permissible legal fees, costs and disbursements, and that such total amount shall be paid by me with interest, as specified in paragraph 25, up to the day you actually receive such payment, even after foreclosure occurs.
>
> In any lawsuit for sale, Lender will have the right to (i) collect all costs allowed by law; (ii) have the Property sold as one parcel; and (iii) have a Receiver appointed by the Court without first giving notice to me and without regard to the value of the Property.

On September 28, 2005, Delta executed an Assignment of Mortgage to Wells Fargo Bank Minnesota, N.A., as Trustee for Delta Funding Home Equity Loan Trust 2001-1. Plaintiff is the Successor by Merger to Wells Fargo Bank Minnesota, N.A. Plaintiff owned and possessed the Note when the complaint in this case was filed.

The individual Defendants each have a 1/6 interest in the mortgaged real estate arising out of a Notice of Probate and Release of Estate's Interest in Real Estate, recorded January 8, 2010 as Instrument 1000846044.

In April 2011, payment of the monthly installments of principal, interest, taxes, insurance and other escrow items to Plaintiff ceased. No payments have been made on the Note from April 2011 through the present. According to the Affidavit of Debt, an outstanding balance of $95,154.14 remains as of April 2, 2012, with interest accruing on the unpaid principal balance at $25.58 per day. According to the Affidavit of Attorney Fees, Plaintiff has incurred attorney fees and other litigation and foreclosure expenses totaling $2,139.00.

Based on these undisputed facts, the court concludes that Plaintiff is in possession of the Note that Ms. Kent signed in favor of Delta, and that an Assignment of Mortgage was executed in favor of Plaintiff. The facts show that Plaintiff has a right to enforce the Note and Mortgage. The court therefore grants Plaintiff's motion for summary judgment as to its claim for foreclosure, in the amount of $95,154.14, with interest accruing on the unpaid principal balance at $25.58 per day, plus attorney fees and other litigation and foreclosure expenses in the amount of $2,139.00. Plaintiff's motion to appoint a special commission is also granted. The court will enter a judgment of foreclosure and order of sale.